UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Nordica S.p.A.
Nordica USA Corp.

    v.                                                Civil No. 06-cv-451-PB

Icon Health & Fitness, Inc.


**O R D E R**

Plaintiffs move to extend some scheduling deadlines and the trial date. Defendant objects except upon certain conditions. Defendant also moves to compel Rule 30(b)(6) notice of subpoena and notice of subpoenas of employees of plaintiffs.

**Discussion**

This case is a classic example of parties shooting themselves in the foot. At the outset of the case, the parties filed five consented to stays of deadline times so that they could explore settlement. Finally, ten months after suit was filed, they filed an agreed discovery plan on September 27, 2007. That plan called for discovery to be completed by August 1, 2008. Virtually nothing was done to meet that completion date when the parties sought a six-month extension on July 2, 2008. Once again the court accommodated the parties' request for extension by an

Order of July 7, 2008.  The Order set February 1, 2009 as the date for completion of discovery and for filing motions for summary judgment.

Finally, in the fall of 2008 the parties started discovery:

1. Defendant served interrogatories, requests for production and requests for admission on October 16, 2008.

2. Plaintiffs responded on December 23, 2008, over thirty days late.  They offered to make documents available for inspection and copying.

3. Plaintiffs served their discovery requests on October 31, 2008.

4. Defendant responded to plaintiffs' requests on January 9, 2009, again over thirty days late.

5. On January 22, 2009, defendant faxed eight (8) deposition notices for January 29th, 30th, and 31st, in New Hampshire.  All of the witnesses reside in Italy.  Compliance with the 30(b)(6) subpoena which lists 64 topic areas was impossible within the three business days left to plaintiffs.  Most of the witnesses are not even plaintiffs'

employees and were not subpoenaed.

6. On February 2, 2009, defendant finally produced 16,500 documents which were then over 60 days late, and demanded the documents offered to it in December.

7. On January 29, 2009, defendant mailed an amended "initial disclosure."

8. Defendant refuses any post-February first discovery to plaintiff.

All during this period the parties continued to discuss settlement. Plaintiffs say the discussions of settlement and general discussion of extensions of time lulled them into a false sense of security concerning discovery deadlines.

It appears that the parties stuck their heads in the sand and ignored deadlines. They both then ignored the deadlines set forth in the rules. Defendant opportunistically sent unreasonable and unenforceable subpoena notices and then produced discovery after the deadline and over 60 days late.

Both New Hampshire counsel know that such "gamesmanship" and lackadaisical discovery is viewed dimly.

The parties, having ignored the court's order and the

deadlines in the rules, cannot now expect the court to bail them out of the mess they have created for themselves.  Any further discovery will occur by consent or not at all.

    A.   <u>Document no. 31</u>

The motion to extend the discovery deadline is denied.  The request to extend the summary judgment deadline is extended to March 4, 2009, <u>post</u> <u>hoc</u> <u>vice</u>.  The motion as it relates to trial is granted to permit Judge Barbadoro time to consider the cross motion as well as the motion for summary judgment.  The trial will be rescheduled at the Court's convenience other than August, when counsel is unavailable.

    B.   <u>Document no. 44</u>

The motion to strike is denied – defendant did "sand bag" plaintiffs.

    C.   <u>Document no. 47</u>

The motion to compel depositions is denied.  Non-party, non-employees are not subject to deposition on "notice" only.  The 30(b)(6) notice and the officer notice are unduly burdensome.  The former is very broad and could not possibly be responded to in three business days.  The plaintiffs' corporate officer, who resides in Italy, cannot reasonably be expected to appear in New

Hampshire on such short notice – if at all.  The post-notice offers of changed dates and location were subject to such onerous restraints that I do not view them as a reasonable effort to resolve the deposition problems.

    The parties, having created their own mess, must find their own way to accomplish any additional discovery.

    **SO ORDERED.**

                                          /s/ James R. Muirhead
                                          James R. Muirhead
                                          United States Magistrate Judge

Date: April 10, 2009

cc:    Burton S. Ehrlich, Esq.
       James F. Laboe, Esq.
       Jonathan A. Lax, Esq.
       L. Rex Sears, Esq.
       Larry R. Laycock, Esq.
       Robyn L. Phillips, Esq.